# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARVIN GLOVER,

        Petitioner,    :    Case No. 3:16-cv-511

  - vs -                          District Judge Walter Herbert Rice
                                   Magistrate Judge Michael R. Merz

JEFF NOBLE, Warden,

                                        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 5) to the Magistrate Judge's Report and Recommendations (ECF No. 4) recommending dismissal of the Amended Petition with prejudice. Pursuant to Fed. R. Civ. P. 72(b), Judge Rice has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 6).

The Report concluded Mr. Glover's insufficient evidence claim (Grounds One and Four) was without merit because, as the Second District Court of Appeals found, there was ample direct evidence – testimony of the victim – that the sexual misconduct happened. Mr. Glover objects that this is only "hearsay" evidence and there was no physical forensic evidence presented. Hearsay is an out-of-court statement offered in court to prove the content of the statement. Ohio R. Evid. 801. In-court testimony by a victim is not hearsay. As the Report shows by citation to authority, direct testimony of a rape victim or indeed the victim of any crime

1

is sufficient to convict.

Approaching his claim from a different direction, Mr. Glover insists he is the victim of prosecutorial misconduct because the prosecutor presented the testimony of the victim knowing it was perjured.  However, he offers no proof the perjury.  As the Repot also points out, his claim that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not revealing the strengths and weaknesses of the prosecution case until trial does not state a claim under the Constitution and, in any event, he points to no *Brady* evidence that was not disclosed by the time of trial.

Mr. Glover raises in his Objections a claim he did not make in his Amended Petition, to wit, that appellate counsel provided ineffective assistance by not arguing double jeopardy or the related Ohio allied offenses of similar import claims.  As noted in the Report, the standard for ineffective assistance of appellate counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland* a petitioner must show both deficient performance and prejudice. Glover cannot prevail on an ineffective assistance of appellate counsel claim because the offenses he was convicted of committing happened on different dates.  The fact that similar crimes were committed against the same victim on many different dates using the same or a similar modus operandi does not make those crimes allied offenses or prohibit their separate punishment under the Double Jeopardy Clause.  Just because a Defendant has victimized another in the same way on two or more different occasions does not mean those are the same offense for Double Jeopardy purposes.

Finally, Mr. Glover asserts his claim of actual innocence is cognizable in federal habeas corpus (Objections, ECF No. 5, PageID 56, citing *Cullen v. Pinholster*, 563 U.S. 170 (2011)), That is not the holding in *Pinholster*.  Instead, that case holds a federal habeas court may not hear

new evidence of constitutional violations not presented in state court unless and until it decides the state court decision is an objectively unreasonable determination, based solely on the record before the state courts.  In fact it has been repeatedly held that actual innocence is not a free-standing claim cognizable in habeas.  *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993).

> Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001). The Supreme Court has twice suggested that a "truly persuasive demonstration" of actual innocence would render a petitioner's execution unconstitutional. *Herrera v Collins,* 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518 (2006).

*Raymond v. Sheets*, 2012 U.S. Dist. LEXIS 160374, *26-27 (S.D. Ohio Nov. 8, 2012); *Stojetz v. Ishee*, 2014 U.S. Dist. LEXIS 137501, *185-86 (S.D. Ohio Sept. 24, 2014)(Frost, D.J.)

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Amended Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 24, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).